IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JARROD MORRIS, #271829, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv275-WHA |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Michael Jarrod Morris ("Morris").

**I.  BACKGROUND**

Morris was indicted for capital murder, in violation of § 13A-5-40(a)(18), Ala. Code 1975, which makes murder a capital offense where it is "committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle." § 13A-5-40(a)(18), Ala. Code 1975. On April 19, 2010, he appeared in the Chambers County Circuit Court and pled guilty to the lesser included offense of murder in violation of § 13A-6-2(a), Ala. Code 1975. The trial court sentenced him to life in prison. He took no direct appeal.

On April 18, 2011, Morris filed with the trial court a post-conviction petition under Ala. R. Crim. P. 32, asserting the following claims:

1. His guilty plea was involuntary and unknowing because he entered it without understanding the charges or the consequences of the plea.

>    2.    His trial counsel was ineffective for (a) failing to inform him of the nature of the charges against him and (b) failing to inform him his sentence would be enhanced because a deadly weapon was used in the offense.

Doc. No. 7, Ex. 2 at 19-22.[1]

Morris subsequently amended his Rule 32 petition to add a claim he was improperly indicted for capital murder. Ex. 2 at 35-37. In this regard, he argued that "a vehicle was not the instrumentality of or otherwise involved in commission of the murder," and therefore he should not have been indicted under § 13A-5-40(a)(18), Ala. Code 1975. *Id*.

On June 22, 2011, the trial court entered an order denying Morris's Rule 32 petition. Ex. 2 at 38. Morris appealed to the Alabama Court of Criminal Appeals, reasserting only his amended claim that he was improperly indicted for capital murder. Ex. 3. On October 21, 11, 2011, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Morris's Rule 32 petition. Ex. 6. Morris applied for rehearing, which was overruled on October 7, 2011. Exs. 7 & 8. He then filed a petition for certiorari review with the Alabama Supreme Court, which that court denied on February 10, 2012, issuing a certificate of judgment the same day. Exs. 9 & 10.

On March 26, 2012, Morris filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting the following claims:

>    1.    He was improperly indicted for capital murder.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this habeas action. References to exhibits ("Ex.") are to those included with the Respondents' Answer, Doc. No. 7. All page references are to those assigned by CM/ECF.

    2.      His trial counsel was ineffective for failing to move to dismiss the indictment for capital murder and for allowing him to plead guilty to the lesser included offense of murder.

Doc. No. 1; Doc. No. 2 at 1-9.

The respondents argue that Morris's claim regarding the alleged impropriety of his indictment for capital murder was correctly adjudicated on the merits by the state courts and therefore does not entitle him to federal habeas corpus relief. *See* Doc. No. 7 at 4-10. They further argue that his claim of ineffective assistance of counsel is procedurally defaulted because he failed to present this claim to the state courts in accordance with applicable procedural rules and federal law. *Id*.

After careful review, the undersigned finds Morris is not entitled to habeas relief on the basis of his claims and that his § 2254 petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A.    Claim Adjudicated on Merits by State Courts

#### *1.    Standard of Review*

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204 (N.D. Ala. Sep. 21, 2010). To prevail on a properly presented § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[2] *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable

---

[2] Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
> >
> > (2) resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

"This is a 'difficult to meet,'" *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 786 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)." *Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

  2.  *Indictment for Capital Murder*

5

Morris contends that he was improperly indicted for capital murder under § 13A-5-40(a)(18), Ala. Code 1975, because, he says, a vehicle was not the instrumentality of or otherwise involved in commission of the murder, which he argues is required under that statute.[3]  *See* Doc. No. 2 at 2-4.  Morris presented this claim in his Rule 32 petition, where it was denied by the trial court.  He pursued the claim in appealing the Rule 32 court's judgment.  The Alabama Court of Criminal Appeals rejected the claim, holding:

> Morris's claim that he was not properly indicted for capital murder is without merit because Morris pleaded guilty to murder and not capital murder; therefore, Morris never entered a plea to the merits of the indictment presented against him.  *Gargis v. State*, 998 So. 2d 1092 (Ala. Crim. App. 2007) (holding that any issue regarding the validity of the indictment did not implicate the subject matter jurisdiction of the trial court and could be waived if not objected to at trial).  *See also Thompson v. State*, 680 So.2d 1014 (Ala. Crim. App. 1996) (A guilty plea waives all nonjurisdictional defects, including any which may occur in an indictment.).

Ex. 6 at 2.

---

[3] Morris cites Act No. 2006-642, Ala. Acts 2006, a joint resolution in which the Alabama Legislature indicated that its intent in enacting § 13A-5-40(a)(18), Ala. Code 1975, was to address "drive-by shootings," that is, "murder[s] committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle which murders were gang-related or intended to incite public terror or alarm."  Doc. No. 2 at 2-3.  *See Smith v. Houston*, 71 So.3d 721, 723 (Ala. Crim. App. 2010).  The joint legislative resolution urged Alabama's Attorney General and district attorneys to use care in charging capital murder under § 13A-5-40(a)(18) and urged the Alabama Court of Criminal Appeals and the Alabama Supreme Court "to review at the earliest opportunity the interpretation of [§ 13A-5-40(a)(18) ] and hold that it applies only to those individuals who commit murder by or through the use of a deadly weapon fired or otherwise used within or from a vehicle *if the vehicle is an instrumentality or otherwise involved in the murder*."  *Id*. (emphasis added).  However, the Alabama Supreme Court and Alabama Court of Criminal Appeals have recognized that this joint legislative resolution has no force of law and does not amount to an amendment to § 13A-5-40(a)(18).  *See Ex parte Catlin*, 72 So.3d 606, 607 (Ala. 2011) (Cobb, C.J., concurring specially); Smith, 71 So.2d at 729 n.5 (citing *Smith v. State* (No. CR-06-0519), 19 So.3d 260 (Ala. Crim. App. 2007) (table)).  The plain language of § 13A–5–40(a)(18) does not set forth as an offense element that the vehicle be "an instrumentality or otherwise involved in the murder."

In insisting a vehicle was not the instrumentality of or otherwise involved in commission of the murder, Morris does not present arguments that go to the validity of the indictment; rather, he challenges the evidence to support the charge in the indictment. However, Morris' arguments in this regard are irrelevant because they relate to offense elements that elevate "non-capital murder" to capital murder, and he pled guilty to the lesser included offense of non-capital murder in violation § 13A-6-2(a), Ala. Code 1975,[4] where proof of the facts he now challenges (i.e., that a vehicle was the instrumentality of or otherwise involved in the murder) is unnecessary to sustain a charge or conviction.[5]

The insufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *Denton v. Duckworth*, 873 F.2d 144, 149 (7th Cir. 1989) (due process requires that a criminal defendant receive "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge."). A claim of insufficiency

---

[4] The offense of murder, as proscribed by § 13A-6-2(a), Ala. Code 1975, is a lesser included offense of capital murder under § 13A-5-40(a), Ala. Code 1975. *See, e.g., Williams v. Mosely*, 2007 WL 2710344, at *1 (S.D. Ala. Sep. 13, 2007).

[5] Within this claim in his § 2254 petition, Morris also suggests the state prosecutor engaged in misconduct by "overcharging" him with capital murder in an effort to coerce him into pleading guilty to the lesser included offense. *See* Doc. No. 2 at 3-4. He did not present this argument to the state courts in a direct appeal, in his Rule 32 petition, or in the briefs he filed on appeal from the denial of his Rule petition. He cannot now return to the state courts to present such a claim, as it would be barred due to a state law procedural default. *See* discussion of procedural default in Part II.B of this Recommendation. As he fails to establish cause for his failure properly assert this claim properly in the state courts or that failure to review it would be a miscarriage of justice, the claim is defaulted for purposes of federal review. *See Henderson v. Campbell*, 353 F.3d 880, 891-92 (11th Cir. 2003); *Bailey v. Nagle*, 172 F.3d 1299, 1303-05 (11th Cir. 1999)

7

of the indictment provides a basis for federal habeas relief only when the indictment is so defective that under no circumstances could a valid state conviction result from proving the facts alleged. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988); *see generally Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

Morris fails to assert or demonstrate that the indictment in his case was so defective that under no circumstances could a valid state conviction result from proving the facts alleged. He pled guilty to an offense included within the valid indictment. He fails to demonstrate that the state court's rejection of his claim was contrary to or involved an unreasonable application of federal law establish by United States Supreme Court precedent. *See* 28 U.S.C. §2254(d)(1).[6] Because he does not establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Harrington*, 131 S.Ct. at 786-87, he is not entitled to habeas relief on this claim.

**B.     Procedurally Defaulted Claim**

The respondents argue that, by failing to present the claim to the state courts in accordance with applicable procedural rules and federal law, Morris has procedurally

---

[6] Morris also fails to show that the state court based its findings on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(2).

defaulted his claim that his trial counsel was ineffective for failing to move to dismiss the indictment for capital murder and for allowing him to plead guilty to the lesser included offense of murder. *See* Doc. No. 7 at 4-8.

While Morris raised a claim of ineffective assistance of counsel in his Rule 32 petition, his claim there was that his trial counsel was ineffective for (a) failing to inform him of the nature of the charge against him and (b) failing to inform him he would receive an enhanced sentence as a habitual felony offender. *See* Ex. 2 at 19-22. Even assuming (without finding) that this claim in his Rule 32 petition is relatable to the ineffective-assistance-of-counsel claim in his habeas petition – i.e., that it is the same claim – Morris failed to pursue the claim when he appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. Indeed, the Alabama Court of Criminal Appeals noted in its memorandum opinion affirming the Rule 32 court's judgment that Morris had abandoned his ineffective-assistance claim by failing to list or argue it on appeal. Ex. 6 at 2. Morris also did not argue this issue in his application for rehearing in the Alabama Court of Criminal Appeals or in his petition for writ of certiorari filed with the Alabama Supreme Court. Exs. 7 & 9. Therefore, he failed to exhaust the claim properly in the state courts.

Before this court may reach the merits of a habeas petitioner's claims, the petitioner must exhaust the remedies available in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process," including review by the state's court of last resort, even if review in that court is discretionary. *Id*. at 845; *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.").

The respondents also correctly assert that no state remedy remains by which Morris may now present his unexhausted claim, because any attempt by Morris to exhaust the claim in state court would now be barred by applicable state procedural rules. Assuming that Morris raised this claim in his Rule 32 petition, it is now too late for him to raise the claim in an appeal from the denial of his Rule 32 petition, in an application for rehearing in the Alabama Court of Criminal Appeals, or in a petition for certiorari review in the Alabama Supreme Court. Another Rule 32 petition asserting this claim would be barred as a successive petition, *see* Ala. R. Crim. P. 32.2(b) and 32.2(d), as well as an untimely petition, *see* Ala. R. Crim. P. 32.2(c).

The exhaustion and preclusion rules coalesce into the procedural default of Morris's claim. "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner

fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] ... treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief."). Consequently, Morris's claim is procedurally defaulted.

This court may reach the merits of Morris's procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson*, 353 F.3d at 892.

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply

11

with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice, in this context, means a reasonable probability that the outcome would have been different. *Jenkins v. Bullard*, 210 Fed. App'x 895, 898-901 (11th Cir. 2006). Morris makes no attempt to demonstrate either cause for his failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules, or the existence of actual prejudice emanating from infringement of federal law.

Absent a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537–38 (1986). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Morris fails to make the requisite showing of actual innocence, and indeed makes no attempt to do so. He points to no new evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claim is foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Morris be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before January 22, 2015, the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of January, 2015.

                    <u>/s/ Susan Russ Walker</u>
                    SUSAN RUSS WALKER
                    CHIEF UNITED STATES MAGISTRATE JUDGE